**Harry J. RUECKERT, Individually and on behalf of all members entitled to vote in an election of Sheet Metal Workers' International Association, Local Union No. 28, Plaintiffs,**

v.

**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION and James Nixon, Defendants.**

**No. 77 Civ. 2908.**

United States District Court, S. D. New York.

Dec. 19, 1977.

Milgrim, Thomajan & Jacobs, New York City, for plaintiffs, Samuel D. Rosen, New York City, of counsel.

Cohen, Weiss & Simon, New York City, for defendant Sheet Metal Workers' International Ass'n, Rosalind A. Kochman, New York City, of counsel.

Mulholland, Hickey, Lyman, McCormick, Fisher & Hickey, Toledo, Ohio, for defendants Sheet Metal Workers International Association, AFL–CIO and James Nixon, Donald W. Fisher, Toledo, Ohio, of counsel.

### MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Harry J. Rueckert, Union member and past president of Sheet Metal Workers' International Association, Local No. 28, brings this action on behalf of himself and all present and future members of Local 28 entitled to participate in local elections. As his first claim for relief, plaintiff

seeks declaratory and injunctive relief, together with punitive damages against Sheet Metal Workers' International Association and James Nixon, an International officer, for alleged violations of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401 *et seq.* (1970).

Plaintiff now moves for class certification on his first claim for relief pursuant to Rule 23(c) of the Federal Rules of Civil Procedure. He asserts that the proposed class meets all the requirements of Rule 23(a) and is properly certifiable as a Rule 23(b)(2) class. Defendant opposes certification, and cross-moves to defer consideration of class action status pending discovery.

Since I find that plaintiff has failed to meet the requirements of Rule 23(a)(3) and (4), I need not consider whether the other requirements of Rule 23(a) have been met or whether this action is properly certifiable as a Rule 23(b)(2) class.

▪ Rule 23(a)(3) provides that the named plaintiff's claim must be "typical" of the putative class. In the Second Circuit this requirement appears to be substantially the same as Rule 23(a)(4) which requires that the plaintiff fairly and adequately protect the interests of the class. *See Robertson v. National Basketball Ass'n,* 389 F.Supp. 867, 898 (S.D.N.Y.1975) *citing Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562–63 (2d Cir. 1968); *duPont v. Perot,* 59 F.R.D. 404, 409–10 (S.D.N.Y.1973). To succeed under both 23(a)(3) and (4), the named plaintiff must show that his interests are co-extensive with those of the putative class members and that there are no antagonistic or adverse interests between the named plaintiff and the proposed class. *Robertson, supra,* at 898.

Plaintiff asserts that since the actions of the defendants affect the rights of all Union members, of whom he is one, and the benefits sought will enure to all members, any member could bring this action. Moreover, he states that his interests are in no way inimical to those of the class, a point which defendant disputes and which I, too, find unbelievable.

Plaintiff originally brought this action against Local 28, as well as the International, and certain named defendants. By a consent order dated July 13, 1977, he discontinued the action as against the Local and all the named defendants except James Nixon. Thereafter, he twice came to court seeking relief in the form of contempt adjudications against the Local for violations of that consent order. Three days of argument and taking of testimony were devoted to these claims. In neither contempt proceeding did I find plaintiff's charges to have merit and, in fact, they indicate a failure to adequately understand the consent decree. Plaintiff charged that an "inherently coercive" lottery was being held to raise money for the defense of Arthur Moore, president of Local 28, who, pursuant to the decree, was to pay plaintiff $14,000. Yet he did not produce a single witness to establish such coercion, nor do I believe that a lottery involving the sale of perhaps 200 tickets, many of them to employers and not Union members, could be characterized as inherently coercive. Moreover, there is nothing in the consent order which prohibits its raising money by means of a lottery. Plaintiff also charged that accident benefits to which he was allegedly entitled were stopped merely in retaliation for his present actions before this Court. However, he utterly failed to establish any evidence of a retaliative motive, although given ample opportunity to do so. The weakness of this position is evidenced by his letter of November 29, 1977 requesting permission to withdraw his motion for contempt. I find that these wasteful applications by plaintiff are without merit and indicate that he will not fairly and adequately represent the class.

There is also before me the application of Dennis Fallon, another Union member, who seeks to interpose himself as a co-representative of the proposed class. There is no opposition to his motion; however, at this time I do not have sufficient information to ascertain whether Mr. Fallon would fairly and adequately represent the proposed class or whether he is merely an alter ego for Mr. Rueckert. I will therefore deny his motion

with leave to renew upon the submission to this Court of facts indicating that he can fairly protect the interests of the class.

Accordingly, plaintiff's motion for class certification is denied. Defendants' motion to postpone certification is rendered moot. Dennis Fallon's motion to proceed as a class representative is denied with leave to renew.

SO ORDERED.