Teressa J. JAMES, Plaintiff,

v.

The FAMILY MART;  et al., Defendants.

Civ. A. No. 80–0225–N.

United States District Court,
M. D. Alabama, N. D.

Sept. 11, 1980.

Delores R. Boyd, Montgomery, Ala., for plaintiff.

Euel A. Screws, Jr., Montgomery, Ala., for A & P.

## MEMORANDUM OPINION

VARNER, Chief Judge.

This cause is now submitted to the Court on the motion for summary judgment filed herein July 29, 1980, by Defendant, The Great Atlantic & Pacific Tea Company, Inc., (hereinafter A & P). Upon consideration of the briefs, the affidavits and the relevant materials, this Court is of the opinion that there are no material issues of fact, and A & P is entitled to judgment as a matter of law.

## FACTS

The pleadings, affidavits and exhibits submitted to this Court, when construed in a light most favorable to the Plaintiff, disclose the following material facts.

1. Plaintiff, Teressa J. James, is a black citizen of the State of Alabama and of the United States, residing in Montgomery, Alabama.

2. Defendant, The Family Center, Inc., is a Delaware corporation with its principal offices located in Atlanta, Georgia. Family Center owns and operates nonintegrated combination food, nonfood and drug retail facilities in five southern states. Family Center is a wholly–owned subsidiary of A & P.

3. A & P is a Maryland corporation with its principal offices located in Montvale, New Jersey. A & P owns and operates a chain of over 1,300 retail food stores in the United States.

4. The control, management and operation of A & P and Family Center are completely independent. No officers or directors of A & P or Family Center serve as officers or directors of the other enterprise.

5. At all times, A & P and Family Center maintain completely separate and distinct work forces. No employee of A & P is an employee of Family Center, and no employee of Family Center is an employee of A & P. The corporate staffs and personnel management of the two are separate and distinct work forces.

6. All decisions concerning employment practices are handled independently by A & P and Family Center. A & P does not have knowledge of or responsibility for the formulation or implementation of Family Center's labor relations policy or employment practices. All other functions are independently operated as well.

7. Plaintiff was hired as a cashier on May 18, 1978, at the Montgomery Family Mart Store. On August 7, 1979, Plaintiff's employment was terminated by Family Mart. Plaintiff alleges that she was discriminated against while an employee of the Family Mart on account of her race.

8. At no point in time was the Plaintiff an employee of A & P. She was not hired by A & P; she never worked for A & P; and she was not terminated by A & P. A & P had no responsibility for or input into any employment decisions taken with regard to the Plaintiff.

9. Plaintiff has not filed any claim of discrimination against A & P with the

Equal Employment Opportunity Commission (EEOC) or any other administrative agency. A & P has never received notice of any charge of discrimination filed by Plaintiff, and A & P was not invited and has not participated in the investigation or conciliation of Plaintiff's charge of discrimination before the EEOC.

## CONCLUSIONS OF LAW

A & P contends in its motion for summary judgment that the causes of action which the Plaintiff asserts present no genuine issue as to any material fact. A & P asserts three independent grounds for dismissal of Plaintiff's complaint against A & P: (1) Plaintiff has failed to comply with the jurisdictional requirement of Title VII; (2) A & P never had any employment or other relationship with the Plaintiff; and (3) Plaintiff failed to allege a proper cause of action under Thirteenth and Fourteenth Amendment actions.

### I

■ Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 provides that "a civil action may be brought against a respondent named in the charge." Therefore, there is no authorization contained in Title VII for the filing of a civil action against any party not named in the charge filed with the EEOC. The issue has been repeatedly raised in the courts as to whether filing of a charge with the EEOC is a jurisdictional prerequisite to the commencement of a private civil action under Title VII.

The United States Court of Appeals for the Fifth Circuit has stated that Title VII clearly sets out two requirements for an aggrieved party before he may initiate his action in the United States District Courts:

"(1) *he must file a charge* with the Equal Employment Opportunity Commission and (2) he must receive the statutory notice from the Commission that it has been unable to obtain voluntary compliance." [emphasis added] *Dent v. St. Louis–San Francisco Railway Co.*, 406 F.2d 399 (5th Cir. 1969), cert. den. *Hyler*

*v. Reynolds Metals Company*, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689, reh. den. 404 U.S. 875, 92 S.Ct. 34, 30 L.Ed.2d 122.

■ In addition, the Fifth Circuit Court of Appeals has repeatedly emphasized that voluntary compliance by the employer in eliminating unfair employment practices (after charge is filed with the EEOC) is preferable to court action, and "private settlement without litigation is the central theme of Title VII." *Weber v. Kaiser Aluminum & Chemical Corp.*, 563 F.2d 216 (5th Cir. 1977); *United States v. Allegheny-Ludlum Industries*, 517 F.2d 826 (5th Cir. 1975), cert. den. 425 U.S. 944; *United States v. City of Miami, Fla.*, 614 F.2d 1322 (5th Cir. 1980). Therefore, to fulfill the "central theme" of Title VII, it is vital that the Plaintiff file a charge with the EEOC, thereby allowing an opportunity for "voluntary compliance" and "private settlement" before an action may be filed in the United States District Court.

### II

■ The Plaintiff has failed to file a charge against A & P with the EEOC as required above. One attempted exception to the above–stated law has been an effort by some plaintiffs to claim that parent corporations are included when a charge is brought against a wholly–owned subsidiary. However, a wholly–owned subsidiary and its parent corporation have been held to be separate employers where it was shown they did not share common management or centralized control of labor relations and their operations were not interrelated. *Hassell v. Harmon Foods*, 454 F.2d 199 (6th Cir. 1972). See also, Employment Discrimination Law, Schei & Grossman, p. 847.

In the present case, the parent and subsidiary corporations are operated completely independent of each other with separate bookkeeping, accounting and auditing functions. There is no overlap of directors or corporate staffs. No employees were ever exchanged. Personnel management of each corporation is separate and distinct and

unaffected by the actions or policies of the other.

Therefore, the parent corporation—A & P—should not be considered to be the same corporation under an integrated–enterprise theory. A & P is a separate and distinct corporation from Family Center and cannot be brought "impliedly" into the charge filed with the EEOC against Family Center.

### III

 Plaintiff's factual allegations do not involve a proper Thirteenth Amendment action—involuntary servitude or compulsory labor. Therefore, Plaintiff has failed to state a proper cause of action under the Thirteenth Amendment. See, *Flood v. Kuhn*, 316 F.Supp. 271 (S.D.N.Y.1970), affm'd. 443 F.2d 264 (2nd Cir. 1971), affm'd. 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972).

▉ The Fourteenth Amendment to the United States Constitution provides, in pertinent part:

"No State shall make or enforce any law which shall abridge the privileges and immunities of citizens  *  *  *."

Plaintiff has failed in her pleadings to allege any "State action", directly or indirectly, involved. Such allegation is a prerequisite to recovery on a claim under the Fourteenth Amendment. *Flagg Brothers v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). A & P is a private corporation having no connection with the State or local governments or any governmental agency.

### CONCLUSION

▉ Therefore, after careful consideration of the above, it is the opinion of this Court that, by her failure to properly file a charge with the EEOC against A & P, Plaintiff is precluded from bringing a Title VII action against A & P. A & P is not included in Plaintiff's earlier charge with the EEOC under any integrated–enterprise theory. In addition, Plaintiff has failed to allege a proper cause of action under the Thirteenth and Fourteenth Amendments to the United States Constitution.

An Order will be entered in accordance with this Opinion.