Arthur T. DAVIDSON, M.D., Plaintiff,

v.

YESHIVA UNIVERSITY & Albert Einstein College of Medicine of Yeshiva University, Defendants.

No. 81 Civ. 5759 (KTD).

United States District Court, S.D. New York.

Nov. 22, 1982.

Arthur T. Davidson, M.D., pro se.

Sidney Schutz, New York City, for defendants; Martin H. Bockstein, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendants Yeshiva University and Albert Einstein College of Medicine of Yeshiva University ("Yeshiva") move to dismiss

or strike several statutory grounds for plaintiff's claims, class certification, and certain forms of relief as alleged in plaintiff Arthur T. Davidson's ("Davidson") complaint. The complaint charges Yeshiva with engaging in discriminatory hiring and employment practices.

In his complaint against Yeshiva, plaintiff asserts that as a result of racial discrimination he has been assigned to surgical service only on emergency night duty, and only for three months out of a year. He alleges that this treatment represents the "South African Compromise" devised by the former General Surgical Ward Director, a white South African. According to plaintiff, this former director formulated the Compromise to ease the director's adjustment to the presence of Black attending surgeons. Despite plaintiff's allegedly repeated requests for a change from the Compromise, subsequent Directors have adopted the same assignment policies. Moreover, plaintiff claims that defendants "refuse to elevate and promote Black physicians commensurate with their skills and training." Complaint ¶ 15. Plaintiff also asserts a claim based on Yeshiva and its agents' "use [of] derogatory racial words when referring to Black and Hispanic patients and staff." Complaint ¶ 12.

Defendants, on the other hand, claim that this allegedly wrongful conduct is the result of a neutral Department of Surgery policy. The policy provides that voluntary non-paid surgeons, as distinguished from full-time paid attending staff, are assigned to three month rotations during which they may perform surgery at night. The distinction between voluntary and paid faculty and the corresponding benefits, defendants assert, is required by the institution's educational prerequisites and by the amount of surgical time available.

Plaintiff applied and was accepted for a voluntary surgeon position; defendant claims he has not applied for a position as a full-time paid, attending physician.

Yeshiva moves pursuant to Fed.R.Civ.P. 23(c)(1) to dismiss Davidson's class action allegations, and pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Davidson's claims based on the thirteenth amendment, fourteenth amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988. Yeshiva also moves to strike Davidson's demand for compensatory and punitive damages under Title VII and to strike Davidson's demand for a jury trial pursuant to Fed.R.Civ.P. 12(f) and 39(a)(2) respectively.[1] Yeshiva's motions are granted in part and denied in part.

## I. Class Action

Yeshiva moves to dismiss Davidson's class action allegation. Although plaintiff did not move for certification of his lawsuit as a class action pursuant to Southern District of New York Local Rule 4(c), I will read his *pro se* pleadings liberally, *Harris v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and read his allegations to include a motion for certification.[2] Four requirements under Fed.R.Civ.P. 23(a) must be met to justify class certification: numerosity, commonality, typicality, and adequate representation. Defendant's motion to dismiss the class action allegation is granted because none of these requirements has been met.

## A. Numerosity

Davidson has failed to show that there are sufficiently numerous class members to warrant class action status. In fact, no other person with a similar claim has been identified. When the plaintiff fails to aver, much less establish any facts to support his conclusory allegations of numerous injuries, the class action request should be dismissed.[3] *See, e.g., DeMarco v. Edens*, 390

---

**1.** Defendants do not move to dismiss or strike plaintiff's claims under 42 U.S.C. § 1981 & 42 U.S.C. §§ 2000e *et seq.*

**2.** The plaintiff is not only a doctor but also a lawyer admitted to the Bar. He has practiced

before this court on a number of occasions. However, I believe that treating this situation in this manner is appropriate.

**3.** The only facts concerning numerosity have been provided by the plaintiff. No other Black

F.2d 836, 845 (2d Cir.1968); *O'Connell v. Teachers College,* 63 F.R.D. 638, 640 (S.D.N.Y.1974); *Male v. Crossroads Assoc.,* 320 F.Supp. 141, 150 (S.D.N.Y.1970), *aff'd on other grounds,* 469 F.2d 616 (2d Cir.1972).

### B. Commonality

Davidson's attempt to meet the requirement of commonality pursuant to Fed.R. Civ.P. 23(a)(2) has failed since he has not shown that he has questions of law or fact in common with any other potential plaintiff. Mere paraphrasing of the statute by conclusory allegations of commonality is insufficient.

### C. Typicality and Adequate Representation

The requirements of typicality are substantially the same as those for adequate representation. *Rueckert v. Sheet Metal Worker's Intern. Ass'n,* 77 F.R.D. 409 (S.D. N.Y.1977). To establish both, "the named plaintiff must show that his interests are co-extensive with those of the putative class members and that there are no antagonistic or adverse interests between the named plaintiff and the proposed class." *Id.* at 410, *citing Robertson v. National Basketball Ass'n,* 389 F.Supp. 867, 898 (S.D.N.Y.1975), *aff'd,* 556 F.2d 682 (2d Cir.1977).

In the present case, Davidson, who is admitted to the New York Bar, is acting as the attorney for the alleged class, and as the named class representative. He is attempting to recover punitive damages, compensatory damages, and attorney's fees. In an analogous situation, at least two circuits have laid down a *per se* rule prohibiting the attorney for the class from being a member of the class. *See Zylstra v. Safeway Stores, Inc.,* 578 F.2d 102, 104 (5th Cir.1978); *Kramer v. Scientific Control Corp.,* 534 F.2d

1085 (3d Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976). As the Fifth Circuit stated:

> An attorney whose fees will depend upon the outcome of the case and who is also a class member or closely related to a class member cannot serve the interests of the class with the same unswerving devotion as an attorney who has no interest other than representing the class members . . . . [w]henever an attorney is confronted with a potential for choosing between actions which may benefit himself financially and. an action which may benefit the class which he represents there is a reasonable possibility that some specifically identifiable impropriety will occur. Furthermore, the public suspicion of such a conflict is sure to outweigh any public benefit from having that attorney continue.

*Zylstra,* 578 F.2d at 104.

Although I do not find it necessary to decide whether a *per se* rule should apply, I find that the plaintiff's financial stake in this suit as potentially both class attorney and class member makes him an inadequate class representative. This financial stake may indicate an antagonism to the class or a lack of objectivity necessary for fair and adequate representation. *See also Brick v. CPC International, Inc.,* 547 F.2d 185 (2d Cir.1976).

### II. Plaintiff's Thirteenth Amendment Claim.

The thirteenth amendment addresses involuntary servitude and peonage.[4] Davidson, however, is not seeking to avoid continued or involuntary service; rather, he is attempting to obtain additional employment. This is not subject to the proscriptions of the thirteenth amendment. *See Sears, Roebuck and Co.,* 493 F.Supp. 801,

---

physicians have filed an EEOC complaint against Yeshiva. Affidavit of Nino Carnevale at 5. One court has found this a sufficient basis for denial of class action treatment in a Title VII context. *O'Connell v. Teachers College,* 63 F.R.D. 638 (S.D.N.Y.1974).

**4.** Congress, on the other hand, may address the "badges and incidents" of slavery under the

implementation section, section 2, of the thirteenth amendment by appropriate statutory enactment. *See, e.g., Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) (involving 42 U.S.C. § 1982); *see also Alma Society, Inc. v. Mellon,* 601 F.2d 1225, 1237–38 (2d Cir.), *cert. denied,* 444 U.S. 995, 100 S.Ct. 531, 62 L.Ed.2d 426 (1979).

806 (D.Md.1980). Accordingly, plaintiff's claim based on the thirteenth amendment is dismissed.

## III. Plaintiff's Fourteenth Amendment Claim.

■ "[T]he commands of the fourteenth amendment are addressed only to the state or to those acting under color of its authority." *District of Columbia v. Carter,* 409 U.S. 418, 423, 93 S.Ct. 602, 605, 34 L.Ed.2d 613 *reh'g denied,* 410 U.S. 959, 93 S.Ct. 1411, 35 L.Ed.2d 694 (1973). The defendants move to dismiss plaintiff's fourteenth amendment claim because plaintiff failed to allege state action. Defendants' motion is denied.

In response to defendants' motion, plaintiff has alleged state action. He states that defendants receive forty per cent of its funding from the state. Plaintiff has not alleged or established the precise extent of state involvement in the defendant's activities. However, it is worth noting that because discovery has not commenced, plaintiff's lack of precise figures to substantiate his assertion is understandable. At such an early stage in the development of the pleadings, it is inappropriate to dismiss the claim for lack of properly particularized allegations of state action.

## IV. Plaintiff's Section 1983 Claim.

Defendants' motion to dismiss plaintiff's claim founded on 42 U.S.C. § 1983 relies on an argument similar to the one defendant asserted in the fourteenth amendment context. Defendants argue that plaintiff's section 1983 claim is fatally deficient because plaintiff has not alleged that he was deprived of any rights under color of state law. My discussion in the prior section concerning state action, therefore, is equally applicable here. Plaintiff, a *pro se,* has alleged sufficient involvement by the state, and it is inappropriate to dismiss the complaint before any discovery can provide additional information on this issue.

## V. Plaintiff's Section 1985 Claim.

Defendants move to dismiss plaintiff's claim under 42 U.S.C. § 1985. The motion is granted.

### A. Sections 1985(1) & (2)

■ The plaintiff's claim is not arguably applicable to either of these sections. Subsection (1) of section 1985 relates to acts of government officers or acts to prevent an individual from accepting or holding any government office. The instant case does not involve government officers or offices.

Subsection (2) of section 1985 concerns interference with the judicial system or the obstruction of justice. This case does not involve such interferences. Therefore, if this complaint was in any way asserting a claim under either subsection, it is dismissed. Subsection (3) is the only potentially applicable section.

### B. Section 1985(3)

■ Section 1985(3) concerns conspiracy to deprive a person of his or her rights or privileges. To assert a legally sufficient claim under this subsection, the plaintiff must aver, *inter alia,* a conspiracy between two or more persons. The plaintiff argues that he has satisfied this condition by charging both the defendant Yeshiva and the individuals at Yeshiva with conspiring to deprive him of his rights. However, the plaintiff has not alleged that these individuals acted in any other capacity than as employees of defendant Yeshiva. Such employees are agents of the defendant and cannot independently conspire with their principal, Yeshiva. *See Girard v. 94th St. & Fifth Ave. Corp.,* 530 F.2d 66, 70–72 (2d Cir.), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976). As stated by another court:

[s]imply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation. The plaintiff must also allege that they acted other than in the normal course of their corporate duties.... "[I]t is not alleged that the

individual defendants committed any act of a personal nature except in connection with the corporate affairs." *Girard, supra,* 530 F.2d at 72, *quoting Cole v. Univ. of Hartford,* 391 F.Supp. 888, 893 (D.Conn.1975). Therefore, plaintiff's section 1985(3) claim also must be dismissed.

## VI. Plaintiff's Section 1988 Claim.

Yeshiva's motion to dismiss Davidson's claim under 42 U.S.C. § 1988 is granted because the statute does not create an independent cause of action. As stated in *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596, *reh'g denied,* 412 U.S. 963, 93 S.Ct. 2999, 37 L.Ed.2d 1012 (1973), section 1988 "was obviously intended to do nothing more than to explain the source of law to be applied in actions brought to enforce the substantive provisions of the [Civil Rights] Act...." *Id.* 411 U.S. at 705, 93 S.Ct. at 1793.

## VII. Plaintiff's Demand for Damages.

 The motion to strike Davidson's demand for compensatory and punitive damages under Title VII is granted. Damages for individual losses are not recoverable under a Title VII claim. Although this Circuit has not as yet so held, the Supreme Court noted, in passing, that "[t]he majority of the federal courts have held that [Title VII] does not allow a court to award general or punitive damages." *Great Amer. Fed. S. & L. Assn. v. Novotny,* 442 U.S. 366, 374–75 & n. 19, 99 S.Ct. 2345, 2350 & n. 19, 60 L.Ed.2d 957 (1979), *citing Slack v. Havens,* 522 F.2d 1091, 1094 (9th Cir.1975); *Johnson v. Georgia Highway Express,* 417 F.2d 1122, 1125 (5th Cir.1969); *Smith v. Hampton Training School for Nurses,* 360 F.2d 577, 581 (4th Cir.1966) (en banc); *see also Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192, 194–97 (6th Cir.1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979); *Richerson v. Jones,* 551 F.2d 918, 926–28 (3d Cir.1977); *Pearson v. Western Electric Co.,* 542 F.2d 1150, 1151–53 (10th Cir.1976); *Schick v. Bronstein,* 447 F.Supp. 333, 338 (S.D.N.Y. 1978).

## VIII. Plaintiff's Request for a Jury Trial.

 Yeshiva's motion to strike Davidson's request for a jury trial pursuant to 42 U.S.C. § 1981 is denied. A plaintiff seeking compensatory and punitive damages pursuant to section 1981 is entitled to a trial by jury unless those demands are "so baseless as to be treated as a sham." *Seymour v. Reader's Digest Ass'n, Inc.,* 493 F.Supp. 257 (S.D.N.Y.1980). Davidson's claim cannot be labelled baseless at this time.

In summary, defendant's motion to dismiss or strike plaintiff's class action allegation, thirteenth amendment claim, claims based on 42 U.S.C. §§ 1985 & 1988, and claims for both compensatory and punitive damages under Title VII, is granted. All other aspects of defendants' motion are denied.

SO ORDERED.