**Barbara LAIRD**

**v.**

**TEXAS COMMERCE BANK—ODESSA.**

**No. MO–88–CA–115.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Nov. 3, 1988.

---

**6.** Counsel are directed to page 18 et seq. of Defendants' Motion to Compel.

John H. Green, Jr., Odessa, Tex., for plaintiff.

Lawrence Chapman Smith, Robin Curtis, Baker & Botts, Houston, Tex., John R. Breihan, Baker & Botts, Austin, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

BUNTON, Chief Judge.

Came on this day to be heard Defendant's Motion for Partial Summary Judgment in the above-captioned cause. Plaintiff responded in a timely manner. Upon consideration of the Motions and arguments of the parties, this Court is of the opinion that Defendant's Motion should be granted. There shall remain in this lawsuit claims for sex and age discrimination.

## STANDARD ON MOTION FOR SUMMARY JUDGMENT

The Supreme Court's 1986 trilogy of Summary Judgment cases clarified the test for granting summary judgment. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986), the Court stated that the trial court must consider the substantive burden of proof imposed on the party making the claim. In the case before this Court, the Plaintiff has the burden with respect to her claims and Defendant has the burden with respect to defenses and claims for affirmative relief it raises.

*Anderson v. Liberty Lobby* requires this Court to substantively evaluate the evidence offered by the moving and non-moving party to determine whether the evidence raises a "material" fact question which is "genuine." The *Anderson* court defined "material" as involving a "dispute over facts which may effect the outcome of the suit under the governing law."

In a second case, the Supreme Court reiterated that where the party moving for summary judgment has established prima facie that there is no genuine issue as to any material fact, the non-moving party must then come forward with "specific facts" showing a genuine issue for trial. It must be "more than simply … that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The third case in the trilogy, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held that where the moving party shows that the opposing party is unable to produce the evidence in support of its case, summary judgment is appropriate. In *Celotex Corp.*, it was not necessary for the motion for summary judgment to be supported by affidavits or other material specifically negating the non-moving party's claim so long as the district court was satisfied that there was an absence of evidence to support it. At that point, the burden shifted to the non-moving party to produce evidence in support of its claims; if it did not produce any, summary judgment was required.

This Court has demonstrated its willingness to allow a non-moving party her day in court in borderline cases where, under the governing law or reasonable extensions of existing laws, the hearing of some testimony would be helpful to understanding the proper application of the law. However, under the strict requirements of the law applicable in this case, the Court is not persuaded that there is even a possibility of averting a directed verdict in favor of the Plaintiff.

## DISCUSSION

Plaintiff, a former employee of Texas Commerce Bank–Odessa, claims that the bank discriminated against her because of her sex and age. In addition, Plaintiff has plead a cause of action under 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 1983, the Thirteenth

and Fourteenth Amendments of the Constitution of the United States and the tort of intentional infliction of emotional distress. Defendant contends that Plaintiff has failed to establish at least one essential element of each of these latter claims.

■ Plaintiff cannot meet her summary judgment burden with respect to her cause of action under 42 U.S.C. Sec. 1981. Plaintiff is a Caucasian female complaining about discrimination on the basis of sex and age. 42 U.S.C. Sec. 1981 only applies to racial discrimination. *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340 (5th Cir.1981), *cert. denied*, 456 U.S. 933, 102 S.Ct. 1985, 72 L.Ed.2d 451 (1982). Since Plaintiff is a Caucasian female and has not alleged a cause of action or any facts to support a cause of action for racial discrimination, 42 U.S.C. Sec. 1981 is inapplicable on its face and Defendant is entitled to summary judgment as a matter of law.

■ Plaintiff cannot meet her summary judgment burden with respect to her alleged cause of action under 42 U.S.C. Sec. 1983. 42 U.S.C. Sec. 1983 provides:

Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any state* or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (Emphasis added.)

"The traditional definition of acting under color of state law requires that the Defendant in a section 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," *West v. Atkins*, 487 U.S. ——, 108 S.Ct. 2250, 2251, 101 L.Ed.2d 40, 49 (1988), [*quoting: United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941) ]. Defendant Texas Commerce Bank ("TCB")—Odessa is a private banking institution and none of the actions performed or complained of in this lawsuit occurred under color of state law. Accordingly, summary judgment for Defendant is appropriate as to this claim.

In addition to the very words of the statute, Plaintiff may not use Section 1983 in an attempt to enlarge her potential relief for a violation of Title VII. *Parker v. Mississippi Department of Public Welfare*, 811 F.2d 925, 927 n. 3 (5th Cir.1987); *Watson v. Ft. Worth Bank & Trust*, 798 F.2d 791, 794 n. 4 (5th Cir.1986); *Rivera v. City of Wichita Falls*, 665 F.2d 531, 534 n. 4 (5th Cir.1982). Thus, not only is Plaintiff not entitled to any relief under sec. 1983 because there is no evidence of state action, but this Circuit specifically does not allow a Plaintiff to enlarge her relief for a Title VII cause of action by pleading 42 U.S.C. Section 1983.

■ Neither can Plaintiff meet her summary judgment burden to prove a cause of action under the Thirteenth Amendment of the Constitution of the United States. The Thirteenth Amendment provides:

Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction. U.S. Const. amend. XIII sec. 1.

Plaintiff has not and cannot allege any facts to support a cause of action for slavery or involuntary servitude. Nor does the Thirteenth Amendment, standing alone, establish an independent cause of action for employment discrimination. *Alma Society, Inc. v. Mellon*, 601 F.2d 1225, 1237 (2d Cir.1979); *Lopez v. Sears, Roebuck and Co.*, 493 F.Supp. 801, 806 (D.C.Md.1980). Summary Judgment is appropriate as to this claim.

■ Plaintiff has also failed to carry her burden with respect to her alleged cause of action under the Fourteenth Amendment of the Constitution of the United States. The Fourteenth Amendment provides in pertinent part:

... no state shall make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV sec. 1.

One of the prerequisites to a cause of action under the Fourteenth Amendment is that any denial of due process or equal protection must have been produced by state action. The United States Supreme Court held in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982), that state action means those actions "fairly attributable to the state." Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, "applies to acts of the states, not to acts of private persons or entities." *Rendell–Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982). *See Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948); *In re Civil Rights Cases*, 109 U.S. 3, 11, 3 S.Ct. 18, 21, 27 L.Ed. 835 (1883). Defendant is a private banking institution and none of the actions complained of in this lawsuit are the product of state action of any kind. Therefore, Summary Judgment for Defendant is appropriate as to this claim.

■ Finally, Plaintiff attempts to have this Court rule on a pendent state court claim for intentional infliction of emotional distress based on Plaintiff's termination. The Texas Supreme Court has never decided a case of intentional infliction of emotional distress. An appellate court has stated the elements this tort to be that: (1) the Defendant acted intentionally or recklessly, (2) the conduct was "extreme and outrageous," (3) the actions of the Defendant caused the Plaintiff emotional distress, and (4) the emotional distress suffered by the Plaintiff was severe.

*Tidelands Auto Club v. Walters*, 699 S.W. 2d 939, 941 (Tex.App.—Beaumont [9th Dist.] 1985, writ ref'd n.r.e.), [*quoting:* RESTATEMENT (SECOND) OF TORTS sec. 46 (1965)]. *See Hubbard v. United Press International*, 330 N.W.2d 428 (Minn. 1983).

Less severe actions may be sufficient where the parties have a "special relationship," but the employer-employee relationship does not fall into this category. *Bradshaw v. General Motors Corp.*, 805 F.2d 110, 115 (3d Cir.1986). When an employer does no more than exercise its legal right to terminate an employee, that employer cannot be charged with liability for intentional infliction of emotional distress. *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 462 (6th Cir.1986); *Ledl v. Quik Pik Stores*, 133 Mich.App. 583 at 591, 349 N.W.2d 529 (1984); *Novosel v. Sears, Roebuck and Co.*, 495 F.Supp. 344, 347 (E.D. Mich.1980).

A Plaintiff may recover damages under this tort if the injury is "severe, i.e. substantial or enduring as distinguished from trivial or transitory." *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1499 (9th Cir.1986). A Plaintiff does not state a cause of action by feeling "terrible" or "almost sick" if she does not have "severe headaches, nausea, insomnia or similar symptoms." *Id.* at 1499. Failure to seek medical attention may also be significant. *Weber v. LDC/Milton Roy*, 1 IER CASES 1509 (D.N.J.1986).

Plaintiff admits in her deposition that she has not required any treatment from either a physician or a psychologist. (Excerpt from Plaintiff's deposition attached as Exhibit A). She states, "It wasn't something I couldn't handle on my own." *Id.* at 115. Plaintiff's injuries, if any, simply do not rise to a level sufficient to support a cause of action for intentional infliction of emotional harm. Similarly, Plaintiff has alleged no facts to support the proposition that TCB—Odessa intentionally fired her in order to cause her extreme emotional distress. Plaintiff has failed to state a cause of action for intentional infliction of emotional harm.

In reviewing the summary judgment evidence this Court is of the opinion that there is no genuine issue as to any material fact and that Defendant is entitled to Partial

Summary Judgment, as a matter of law. Accordingly,

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED that the issues which remain shall be tried on the November 7, 1988 trial docket. This Court will issue a separate Judgment in this matter.