**Furtis DOFFONEY**

v.

**BOARD OF TRUSTEES FOR BEAUMONT INDEPENDENT SCHOOL DISTRICT, et al.**

**Civ. A. No. B–88–00313–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 22, 1989.

Patrick J. Gilpin, Houston, Tex., for plaintiff.

Robert J. Hambright, Orgain, Bell & Tucker, Tanner T. Hunt, Jr., Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Furtis Doffoney filed this action alleging that the defendant Beaumont Independent School District ("BISD"), together with various employees of BISD, discharged Doffoney for racially discriminatory reasons. Doffoney pled causes of action "under the Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. Sections 1981, 1983, 1985(3), 1986, 1988 and 2000e *et seq.*" Plaintiff Furtis Doffoney's Original Complaint ("Complaint"), para. 1. The defendants' motion for partial summary judgment on Doffoney's claims under the Thirteenth Amendment and 42 U.S.C. Sec. 1981 is now before this court.

### *The Thirteenth Amendment*

■ Doffoney alleges the defendants discriminated against him because he is black, and that he was discharged because of this discrimination. Apparently Doffoney believes that a claim of racial discrimination in employment is cognizable under the Thirteenth Amendment. This theory is supported by neither logic nor the law. The Thirteenth Amendment provides:

Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

Section 2. Congress shall have the power to enforce this article by appropriate legislation.

Doffoney has alleged no facts indicating the defendants sought to enslave him; the facts alleged indicate entirely the opposite. The defendants discharged Doffoney; they desired neither his voluntary nor his involuntary servitude. The facts as alleged cannot possibly be in violation of the Thirteenth Amendment.

Further, the law is clear that the Thirteenth Amendment does not establish an independent cause of action for employment discrimination. *Laird v. Texas Commerce Bank—Odessa,* 707 F.Supp. 938 (W.D.Tex.1988); *Davidson v. Yeshiva University,* 555 F.Supp. 75 (S.D.N.Y.1982); *James v. Family Mart,* 496 F.Supp. 891 (M.D.Ala.1980); *Lopez v. Sears, Roebuck and Co.,* 493 F.Supp. 801 (D.Md.1980); *Walton v. Utility Products, Inc.,* 424 F.Supp. 1145 (N.D.Miss.1976). Doffoney has cited no cases holding that such a cause of action exists.

Since the Thirteenth Amendment establishes no independent cause of action for employment discrimination based on race, the defendants' motion for summary judgment as to that claim is granted.

### *42 U.S.C. Sec. 1981*

The defendants have also sought summary judgment on Doffoney's 42 U.S.C. Sec. 1981 ("1981") claim. Both the defendants and Doffoney rely on the Supreme Court's recent decision in *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). This court is now called upon to interpret how *Patterson*'s broad statement of the law of 1981 applies to Doffoney's discharge.

It is clear from *Patterson* that 1981 as an independent remedy for racial discrimination in employment is restricted to situations involving the making or enforcing of employment contracts. *Patterson,* 109 S.Ct. at 2372. It is equally clear to this court that Doffoney was not prevented from making an employment contract with BISD in violation of 1981.

There are two possible avenues for stating a claim involving discrimination in the making of a contract under 1981: discrimination in hiring, or discrimination in promotion. Doffoney has alleged no facts showing BISD discriminated against him on the basis of his race at the time he was hired. Doffoney has cited a case which states, "discriminatory termination directly

affects the right to make a contract contrary to Sec. 1981." *Padilla v. United Air Lines,* 716 F.Supp. 485, 490 (D.Colo.1989). This court does not find that reasoning persuasive. *Padilla*'s bootstrap argument would require this court to conclude that in effect a new contract is made by an employer with each of its employees every day, and that every day an employer is open to a charge of discrimination in the *making* of a contract, whether the employee has been employed for one day, one year, or thirty years. The Supreme Court strongly emphasized that in applying *Patterson,* the lower courts "should not strain in an undue manner the language of Sec. 1981." *Patterson,* 109 S.Ct. at 2377. *Padilla,*'s reasoning seems to this court to be precisely the sort of undue strain the district courts should seek to avoid.

Further, a charge of discriminatory discharge is clearly covered by Title VII, 42 U.S.C. Sec. 2000e *et seq.* As the Supreme Court said, "the availability of the latter statute [Title VII] should deter us from a tortuous construction of the former statute [1981] to cover this type of claim." *Patterson,* 109 S.Ct. at 2375. Doffoney's allegations state a cause of action under Title VII, and he has the carefully crafted remedies of that statute available to him.

■ Doffoney has also cited a case finding promotion from clerk to supervisor as adequate to trigger 1981's protection for a claim of discrimination in promotion. *Mallory v. Booth Refrigeration Supply Co., Inc.,* 882 F.2d 908 (4th Cir.1989). It is true that 1981 will cover a claim of discrimination in promotion "where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer...." *Patterson,* 109 S.Ct. at 2377. However, this court finds that Doffoney has alleged no facts sufficient to indicate BISD discriminatorily refused to promote him to a position which would have been a new and distinct relation between Doffoney and BISD. Doffoney has alleged only that BISD reneged on its alleged promise of a three thousand dollar raise. This court finds that a change in financial remuneration for an employee who would continue to perform essentially the same job does not rise to the level of a new and distinct relation between the employee and the employer.

■ This court does find, however, that Doffoney has successfully stated a claim for a violation of 1981 in the enforcing of his employment contract. The Supreme Court has specifically said that 1981 "covers wholly *private* efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations...." *Patterson,* 109 S.Ct. at 2373 (emphasis in original). Doffoney has alleged that BISD deliberately obstructed his access to the grievance procedure, and this court finds that such an allegation is sufficient to state a 1981 claim which will survive a motion for summary judgment.

Doffoney has stated a 1981 claim for racial discrimination in the enforcement of his employment contract. Accordingly, the defendants' motion for summary judgment on Doffoney's 1981 claim is denied.