*5 OPINION OF THE COURT
Harold Baer, Jr., J.
Defendant moves to dismiss all six causes of action in the amended complaint. Plaintiff opposes the motion only with respect to the fifth and sixth causes of action.
In the fifth cause of action plaintiff alleges that defendant refused to recall her to a position she had held up until December 30, 1984, and that was filled by a Caucasian instead in January 1985. Plaintiff alleges that this violated defendant’s personnel and policy manual. Plaintiff claims that this failure to rehire her violated the Human Rights Law (Executive Law § 296 et seq.) and 42 USC § 1981.
A private person may commence an action for violation of the Human Rights Law, but only if that person had not previously filed an administrative complaint with the State Division of Human Rights (SDHR) covering the same grievance. Plaintiff here filed a complaint with the SDHR, which is pending.* The issue thus is whether the administrative complaint and the fifth cause of action of the amended complaint are duplicative. I conclude that they are.
The administrative complaint asserts that plaintiff was terminated on December 30, 1984, and was informed that there was a general staff reduction in the news division. The complaint then alleges that a company newsletter of February 14, 1985 announced the permanent assignment of a Caucasian to plaintiffs, old position. The administrative complaint does not, it is true, use the word "rehire;” it asserts as the heart of plaintiffs grievance that she was discriminated against while employed at defendant and that defendant improperly terminated her. However, the complaint does refer to the hiring of someone else to fill her position. That very same hiring is the basis of the charge in the amended complaint in this action of a wrongful failure to rehire. In other words, the allegedly discriminatory hiring of the Caucasian woman underlies both claims. It is also true that the amended complaint adds an allegation absent from the administrative complaint that a National Broadcasting Company (NBC) manual required the recall of an employee whose job had been eliminated because of lack of work, reorganization or redefinition of job duties. I am persuaded, though, that there is nevertheless a substantial *6 identity of issues between the administrative complaint and the one before me. (See, Spoon v American Agriculturalist, 103 AD2d 929 [3d Dept 1984].)
The sixth cause of action alleges the same facts as the fifth, but claims that these constitute a violation of 42 USC § 1981. The issue is whether the failure to recall plaintiff allegedly for reasons of ethnic prejudice states a violation given the holding in Patterson v McLean Credit Union (491 US 164 [1989]). There are cases that conclude in light of Patterson that a discriminatory firing and a refusal to rehire violate section 1981. (E.g., Padilla v United Air Lines, 716 F Supp 485 [D Colo 1989].) Plaintiff notes that Justice Kennedy in Patterson contrasted the imposition of discriminatory working conditions, which do not involve the right to make a contract, a right section 1981 was intended to protect, with a claim of discrimination in promotion, which will be actionable if the change in position was such as to have amounted to "an opportunity for a new and distinct relation.” (491 US, at 177, 185.) Plaintiff argues that a discriminatory termination and refusal to recall are a fortiori actionable. The question therefore is whether the failure to recall plaintiff would constitute a violation of section 1981.
I note first some terminological imprecision in plaintiff’s case. The plaintiff’s pleading centers on the alleged failure to "recall” plaintiff. Plaintiff claims that an NBC manual requires the "recall” of an employee whose job was eliminated because of lack of work, reorganization or redefinition of job duties. In her memorandum plaintiff asserts that "[a] recall is a rehiring.” This is not so, as explained by the distinguished Judge Posner in McKnight v General Motors Corp. (908 F2d 104, 109-110 [7th Cir 1990]). Judge Posner wrote: "Layoff and recall are not identical to firing and rehiring. * * * [Ordinarily a layoff, even if indefinite, as most layoffs are, does not sever the employment relationship. Suppose you are working under a collective bargaining agreement that provides that workers shall be laid off in reverse order of seniority and recalled in order of seniority. If you are laid off and a less senior worker who had also been laid off is recalled ahead of you, you will have a cause of action for breach of contract— showing that the layoff did not cut off all your entitlements as an employee. McKnight was not covered by a collective bargaining agreement, or for that matter by any other written contract of employment. But our point is only that to be recalled after being laid off is not automatically to be given a *7 new job. Both General Motors and McKnight still regarded him as an employee of GM after he was laid off’ (supra, at 109-110).
What plaintiff appears to wish to argue is that this case involves a rehire situation. That is, plaintiff seems to contend, despite use of the word "recall,” that plaintiff was fired; that her contractual relationship with NBC was at an end; and that she should have been, but was not, given a new and distinct contractual relationship by the rehiring of her instead of the hiring of the Caucasian when it became apparent that there was a place for a researcher after all in the affiliate news department. At the same time, it is clear that plaintiff centers her grievance on the failure to return her to precisely the same job she held before, what might be called a failure to reinstate her.
As mentioned earlier, Padilla v United Air Lines (supra) held that a discriminatory firing is actionable under section 1981, as is a discriminatory refusal to rehire. There are, however, a good many cases that go the other way. Indeed, my colleague from across the street, Judge William Conner, recently pointed out that the vast majority of cases reject the view that discriminatory termination is actionable under section 1981. (Long v AT&T Information Sys., 733 F Supp 188, 195 [SD NY 1990].) The basis for these decisions is Patterson’s view that section 1981 governs conduct only at the formation of the contract. (See, e.g., Lavender v V & B Transmissions & Auto Repair, 897 F2d 805 [5th Cir 1990]; Doffoney v Board of Trustees, 731 F Supp 781 [ED Tex 1989]; Rivera v AT&T Information Sys., 719 F Supp 962 [D Colo 1989]; Morgan v Kansas City Area Transp. Auth., 720 F Supp 758 [WD Mo 1989]; Hall v County of Cook, 719 F Supp 721 [ND Ill 1989].) Despite considerable misgivings on my part (see the detailed and especially scholarly opn in Hicks v Brown Group, 902 F2d 630 [8th Cir 1990]), I conclude, albeit with great reluctance, that I must follow the trend in the Federal courts on the meaning of Patterson (supra). Sadly, that holding emasculates this formerly protected (or seemingly protected) conduct and remedy. Had Congress overridden the President’s veto of the Civil Rights Act of 1990, this conduct by NBC may well have been actionable. While this court may not like it, the Supreme Court has spoken in a manner that appears to preclude termination claims under section 1981.
I conclude that the same fate must befall plaintiff’s discriminatory rehire claim. In Nolan’s Auto Body Shop v Allstate Ins. *8 Co. (718 F Supp 721 [ND Ill 1989]), the plaintiffs alleged at first that defendant had wrongfully terminated an agreement. After Patterson (supra) came down, plaintiffs amended their complaint to allege that after defendant had terminated the agreement with plaintiffs, defendant rejected plaintiffs’ request that defendant enter into a new contract reinstating plaintiffs’ designation as direct repair shop operators. The court held that this claim failed to state a section 1981 violation: "The proposed second contract on which plaintiffs base their § 1981 claim was not really a 'new’ contract at all; plaintiffs merely sought reinstatement of the same rights, duties, and obligations established by their prior agreement with Allstate. Therefore, although plaintiffs have attempted to present their § 1981 claim as charging discrimination in the making of a 'new’ contract, plaintiffs’ claim essentially is based on the discrimination which allegedly occurred in the termination of their prior agreement with Allstate.” (Supra, at 722.)
In light of the strict reading given section 1981 in Patterson (supra), I believe that plaintiff’s rehire claim must fail for these reasons (though a failure to rehire claim might be viable in other contexts). It is clear that plaintiff complains of the failure to return her to the very same position from which she was discharged with the very same duties at the very same pay. The discriminatory preference complained of in the sixth cause of action occurred only because of the vacancy created by plaintiff’s departure. However, the pleading alleges that the Caucasian was hired in January 1985, which means perhaps one day, or at most four weeks and a few days, after plaintiff was terminated. Plaintiff’s grievance is thus not the failure to rehire, but the termination itself. Plaintiff merely seeks to avoid Patterson by pointing to the manual and describing the failure to return her to a post she had just been terminated from as a refusal to enter into a new contractual relationship. What really is at issue is the refusal to reinstate her in the identical employment relationship. (See, e.g., Carter v O’Hare Hotel Investors, 736 F Supp 158 [ND Ill 1989]; Eklof v Bramalea Ltd., 733 F Supp 935 [ED Pa 1989].)
If plaintiff’s case were allowed to stand, then Patterson (supra) could facilely be circumvented. If a plaintiff is fired on Monday morning, he need only allege that he applied Monday afternoon for his job back and that it was given to someone else on Tuesday and he would have come up with a "new” contractual relationship. This is unsound. (See, Nolan’s Auto *9 Body Shop v Allstate Ins. Co., 718 F Supp, supra, at 722; Wymer & Sudbury, The Patterson Decision: A Mixed Blessing for Employers?, 16 Employee Rel LJ 5 [1990].) If Patterson (supra) is wrong, the answer is for Congress to act, not for the courts to distort the Supreme Court’s holding.
Accordingly, the motion to dismiss is granted.

 The SDHR dismissed the complaint on grounds of administrative convenience, but this court annulled the SDHR determination. This ruling was affirmed by the Appellate Division.