638

Sandra E. O'CONNELL, Individually and on behalf of others similarly situated, Plaintiff,

v.

TEACHERS COLLEGE et al., Defendants.

No. 73 Civ. 4299.

United States District Court, S. D. New York.

July 8, 1974.

Carol H. Libow, Lefcourt, Kraft & Libow, New York City, for plaintiff.

Eugene F. Farabaugh, Milbank, Tweed, Hadley & McCloy, New York City, for defendants.

## OPINION

GRIESA, District Judge.

Plaintiff has brought this action complaining that she was refused employment as an assistant professor at Colum-

bia Teachers College on the basis of sex discrimination. She sues under 42 U.S.C. §§ 1981 and 1983, and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Plaintiff seeks to bring this as a class action. This action was commenced October 9, 1973.

Plaintiff moves for class action determination. Defendants oppose class action treatment, and move for summary judgment dismissing the complaint. The motion for class action treatment is denied. The motion for summary judgment is granted as to the § 1981 claim, and denied as to the other claims.

### Facts

In April 1972 plaintiff applied for a position as assistant professor of speech communication at Columbia Teachers College. She was interviewed for the position along with another woman and a man named Epstein. The college hired Epstein.

Plaintiff claims that she was better qualified than Epstein and that the refusal to hire her was based on unlawful sex discrimination. Defendants assert that Epstein was the best qualified candidate, and was hired solely for this reason.

Plaintiff claims that there is, and has been, a pattern of discrimination against women in the hiring and promotion practices of Columbia Teachers College. Her main claim is lack of equal opportunity for women to obtain the tenured professional positions—professor, associate professor and assistant professor.

Defendants deny such a policy. They particularly rely on figures for hiring during the last two years. Defendants assert that starting with March 1972 Columbia Teachers College has hired 4 associate professors (2 male and 2 female), 12 assistant professors (3 male and 9 female), and 25 full time instructors (12 male and 13 female). Defendants assert that the breakdown of the total professional teaching staff at Col-

umbia Teachers College for the academic year 1972–73 was as follows:

| TITLE | TOTAL | MALE | FEMALE |
|---|---|---|---|
| Professor | 83 | 70 (70) [1] | 13 (13) |
| Associate Professor | 51 | 36 (22) | 15 (8) |
| Assistant Professor | 35 | 22 | 13 (1) |
| Full-Time Instructor | 35 | 14 | 21 |
| Part-Time Instructor | 112 | 66 | 46 |
| TOTAL | 316 | 208 | 108 |

[1]. Indicates number with tenure.

### Class Action Treatment

Plaintiff seeks class action treatment under F.R.Civ.P. 23(b)(2) and (b)(3). She seeks to represent (1) females who are presently employed by Columbia Teachers College and who have been denied opportunities for "positions leading to tenure" based on sex, and (2) females who have applied for and been refused employment based on sex.

Class action treatment must be denied for several reasons. In the first place, it is clear that the issues of fact common to the alleged class members would *not* predominate over individual issues. Plaintiff's own claim will involve an individual determination as to her qualifications for the teaching post versus the qualifications of Epstein, and a determination of whether, in view of all the circumstances of this individual case, it can be said that the failure to choose plaintiff was unlawfully based on sex discrimination. It is obvious that any claims by other women about their failure to obtain teaching positions at the college or to attain promotion to tenured positions would necessitate the same detailed inquiry into the individual circumstances. *See* White v. Gates Rubber Co., 53 F.R.D. 412 (D.Colo.1971).

Plaintiff asserts that there is a pattern or policy of sex discrimination practiced by the college, and that this creates sufficient commonality of issues. But plaintiff has alleged nothing in the way of facts to support her mere conclu-

sory assertion of the point. The statistics about hiring by the college at the time of plaintiff's application and subsequent thereto cast grave doubt, to say the least, upon a claim of any uniform policy disfavoring women carried out by the college.

I conclude, as already stated, that any claims for alleged sex discrimination against Columbia Teachers College would necessarily involve trials of the individual issues regarding the particular employment or promotion problem. Class action treatment is not practicable or desirable, whether the matter is considered under subdivision (b)(3) of Rule 23 (the provision for class actions where common issues predominate over individual issues), or subdivision (b)(2) (the provision for injunctive relief where the party opposing the class has acted "on grounds generally applicable to the class").

■ Defendants argue that plaintiff has not made any satisfactory showing that there *is* a class, or at least that there is a class sufficiently numerous to justify class action treatment. I agree. Some indication of this is the fact that a complainant regarding sex discrimination under Title VII must file a complaint with the Equal Employment Opportunity Commission before bringing court action. No person other than plaintiff has filed any such complaint with this commission regarding Columbia Teachers College. There is no reasonably defined class or group of persons which can be pointed to as having claims such as that asserted by plaintiff. *See* O'Brien v. Shimp, 356 F.Supp. 1259, 1266 (N.D.Ill.1973).

There is an additional reason for denying class action treatment on the claim for declaratory and injunctive relief. To the extent that plaintiff's claim might properly have some general significance to other employees or potential employees of the college, the precedential effect of the decision on plaintiff's claim will carry all the general effect which is necessary. There is no need for invoking the class action machinery. Vulcan Society v. Civil Serv. Comm'n, 490 F.2d 387 (2d Cir. 1973); Galvan v. Levine, 490 F.2d 1255 (2d Cir. 1973).

Plaintiff relies heavily on Kohn v. Royall, Koegel & Wells, 59 F.R.D. 515 (S.D.N.Y.1973), appeal dismissed, 496 F.2d 1094 (2d Cir. 1974), in which Judge Lasker granted class action treatment in a sex discrimination case against a law firm. A review of that decision does not change my view that class action treatment should be denied under the circumstances of the present case.

*Summary Judgment*

Defendants' summary judgment motion will be dealt with briefly.

■ There is one of plaintiff's claims —and only one—which can be dealt with by summary judgment on the present record. Plaintiff's claim under 42 U.S. C. § 1981 is clearly invalid, because § 1981 applies only to racial discrimination, not to sex discrimination as alleged here. Braden v. University of Pittsburgh, 343 F.Supp. 836 (W.D.Pa.1972), vacated on other grounds, 477 F.2d 1 (3d Cir. 1973); League of Academic Women v. Regents of the Univ. of Cal., 343 F.Supp. 636, 638–640 (N.D.Cal. 1972); Fitzgerald v. United Methodist Community Center, 335 F.Supp. 965 (D. Neb.1972).

As to the § 1983 and Title VII claims, disposition of these claims must await trial, or at least further discovery.

*Conclusion*

Plaintiff's motion for class action treatment is denied. Defendant's motion for summary judgment is granted to the extent that plaintiff's claim under 42 U.S.C. § 1981 is stricken; otherwise the motion for summary judgment is denied.

So ordered.