**Sonia V. GRANT, Plaintiff,**

v.

**MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Defendant.**

**No. 81 Civ. 4406 (JES).**

United States District Court,
S. D. New York.

Oct. 12, 1982.

Silverman & Harnes, New York City, for plaintiff.

Davis, Polk & Wardwell, New York City, for defendant; Bartlett H. McGuire, Howard A. Ellins, Joan Guggenheimer, New York City, of counsel.

## OPINION

SPRIZZO, District Judge:

Plaintiff, Sonia V. Grant, a black female, commenced this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 against her former employer, Morgan Guaranty Trust Company of New York, alleging race and sex discrimination in employment. She seeks declaratory and injunctive relief as well as compensatory and punitive damages. Defendant moves pursuant to Fed.R. Civ.P. 12(b)(1) and (6) to dismiss certain of plaintiff's individual claims and all the class claims brought pursuant to Title VII for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff moves pursuant to Fed.R.Civ.P. 23(c) to certify this action as a class action.

Plaintiff was hired by defendant in a clerical capacity on June 3, 1969. On two occasions she sought and obtained maternity leave. When she returned from her first leave in 1976, she requested a transfer or promotion, which request was denied. In 1978, during her second leave of absence,

she was awarded a Bachelor of Arts degree in Economics. Following her return from her second leave she requested a promotion to a college entry level position. That request also was denied although, according to plaintiff, it was and is defendant's policy "generally" to promote employees who earn college degrees to such positions. Plaintiff resigned from defendant's employ on March 5, 1979.

On April 20, 1979, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the New York City Commission on Human Rights ("NYCCHR") alleging race and sex discrimination in promotion.[1] She withdrew her NYCCHR complaint on June 25, 1980. Subsequently, on April 24, 1981, the EEOC found no reasonable basis to support plaintiff's claim of discrimination and rejected plaintiff's contention that she was constructively discharged.[2] The EEOC issued a right to sue letter and plaintiff commenced this action.

The complaint alleges that plaintiff was denied equal opportunity with respect to promotion, compensation, assignment, transfer, and other terms, conditions and privileges of employment and that she was constructively discharged. She further alleges that the discriminatory acts to which she was subject are part of a pattern and practice of discrimination resulting in less favorable terms and conditions of employment for black and female employees. In this connection, plaintiff seeks to represent all female and black employees who

were, are, or may be employed by defendant in the following categories: officials, managers, professionals, and office and clerical employees. Defendant opposes plaintiff's motion for class certification.

 In connection with its motion to dismiss, defendant contends that the Court lacks subject matter jurisdiction over all of plaintiff's individual Title VII claims, except the promotion claim, and over all of the Title VII class claims, because plaintiff failed to raise them before the administrative agency. The Court agrees.

Title VII claims which have not been presented to, or investigated by, an administrative agency, or which are not within the scope of the EEOC investigation which reasonably could be expected to grow out of the administrative charge are properly subject to dismissal for lack of subject matter jurisdiction. *See Silver v. Mohasco Corp.,* 602 F.2d 1083, 1090 (2d Cir. 1979), *rev'd on other grounds,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107 n.10 (2d Cir. 1978); *Ferguson v. Mobil Oil Corp.,* 443 F.Supp. 1334 (S.D.N.Y.1978), *aff'd without op.,* 607 F.2d 995 (2d Cir. 1979); *Meyer v. MacMillan Publishing Co.,* 85 F.R.D. 149, 151 (S.D.N.Y.1980). Here, the only Title VII claim that was expressly asserted in the administrative complaint was Ms. Grant's own claim that she had been discriminatorily denied a promotion, and the only claims which actually were investigated and determined by the EEOC were Ms. Grant's pro-

1. Plaintiff's EEOC charge states:

I. I was not promoted to a college entry position after I earned my B.A. Degree and I resigned because of this. I began with Morgan Guaranty Trust Company in June of 1969 and was an Operations Control Clerk when I resigned effective March 5, 1979.

II. Robert Cranmer, *Personnel Representative,* who interviewed me after I applied for a promotion told me that I could not be promoted because my work had been satisfactory but could hire someone from the outside whose work was more than satisfactory.

III. I believe that I have been discriminated against because of my race (Black) and my sex (Female), for the following reasons:

1. Upon belief, it is Morgan Guaranty's policy to promote to a college entry level position employees who have earned a college degree.
2. Upon information and belief, Morgan Guaranty does not post job openings but they were hiring at the time I applied.

Exhibit N to the Affidavit of Mary B. McGlynn in Support of Defendant's Motion to Dismiss and in Opposition to Motion for Class Action Determination (Affidavit of Mary B. McGlynn in Support of Defendant's Motion to Dismiss is hereinafter referred to as the "McGlynn Affidavit").

2. EEOC determination, Exhibit P to the McGlynn Affidavit.

motion and constructive discharge claims.[3] The individual and class claims which plaintiff seeks to assert with respect to discrimination in compensation, assignment, transfer, training and other terms, conditions and privileges of employment neither relate to nor arise out of these charges. Nor is there any evidence to support the conclusion that the EEOC actually was alerted to them. *Compare Silver v. Mohasco Corp.,* 602 F.2d 1083 (2d Cir. 1979). These claims must therefore be dismissed.

For the same reasons, plaintiff's claim that defendant discriminates against one or more classes with respect to promotion must also be dismissed. While plaintiff's administrative charge expressly refers to defendant's failure to post job openings, a practice which might conceivably raise class issues, a fair reading of the administrative charge compels the conclusion that plaintiff was referring to that practice in the context of her individual claim. In view of that circumstance, the EEOC could not reasonably have been expected to investigate any claims of promotion discrimination other than those relating to plaintiff individually.[4] *Fellows v. Universal Restaurants, Inc.,* 26 FEP Cases 145 (N.D.Tex.1981); *see Meyer v. MacMillan Publishing Co.,* 85 F.R.D. 149 (S.D.N.Y.1980).

Plaintiff also alleges that she has been discriminated against by reason of her race and sex in violation of 42 U.S.C. § 1981. Unlike Title VII, § 1981 imposes no requirement that plaintiff present her claims to an administrative agency for investigation prior to commencing a court proceeding. The Court, therefore, does not lack subject matter jurisdiction over the § 1981 claims.[5] *See Goss v. Revlon,* 548 F.2d 405, 407 (2d Cir. 1976).

To qualify as a class representative plaintiff must demonstrate that all the prerequisites of Fed.R.Civ.P. 23 have been satisfied, to wit, that (1) the class is so numerous that joinder of all members is impractical; (2) that there are questions of law or fact common to the class; (3) that plaintiff's claims are typical of the claims of the class; and (4) that plaintiff will fairly and adequately protect the interests of the class. The Supreme Court has admonished that careful attention to each of these requirements is indispensable. *East Texas Motor Freight Systems, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

Plaintiff maintains that her claims are typical of the class claims in that, during the course of her employment with defendant, she was discriminated against on the basis of race and that defendant's conduct is part of a pattern and practice of discrimination. In support of her class claims plaintiff has submitted statistical evidence setting forth the number of white male employees in various job categories.[6] In addi-

**3.** *Id.* Indeed, the EEOC determination expressly provides, *inter alia,* that "no determination is made as to the failure to promote and constructive discharge of Blacks and females as a class or any other issues which might be construed as having been raised by the charges." *Id.*

**4.** It should also be noted that even were the Court incorrect in its conclusion that this claim must be dismissed for lack of subject matter jurisdiction, for the reasons which follow it is nevertheless clear that plaintiff would not be a suitable person to represent the class. See discussion *infra.*

**5.** It should be noted, however, that plaintiff may not properly bring a sex discrimination claim under § 1981. *O'Connell v. Teachers College,* 63 F.R.D. 638, 640 (S.D.N.Y.1974); *see also Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976). The Court, therefore, will limit its discussion of

plaintiff's motion for class certification to the race issue.

**6.** Plaintiff's statistical evidence consists of a report prepared by defendant in 1978 which reveals that, of the 1575 officials and managers employed by defendant, 78% were white males; that of the 776 professionals, 56% were white males; and that of the 3,682 office and clerical employees, 24% were white males. Plaintiff concludes that the less prestigious, lower paying jobs were disproportionately filled by black females.

However, these statistics are not meaningful as plaintiff has omitted to offer evidence regarding the presence of qualified blacks or females in the relevant labor markets. *Hazelwood School District v. United States,* 433 U.S. 299, 308 n.13, 97 S.Ct. 2736, 2742 n.13, 53 L.Ed.2d 768 (1977).

tion, she has proffered two letters from church groups requesting defendant to post job openings and to provide equal employment opportunity information to defendant's shareholders.[7]

In *General Telephone Company v. Falcon,* —— U.S. ——, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) the Supreme Court observed that there is a wide conceptual gap between (a) an individual's claim of discrimination and an unsupported allegation that the employer engages in a policy of discrimination and (b) the existence of a class of persons who have suffered the same injury as that individual such that the individual and class claims will share common questions of law or fact and that the individual's claim will be typical of the class. *Id.* at 2371. The question is whether plaintiff has bridged that gap. This Court finds that she has not.

■ The statistical and documentary evidence submitted by plaintiff is insufficient to demonstrate that there is in fact a class of persons in need of protection.[8] Indeed, with one exception, plaintiff has not identified any other black employee who claims to have been discriminated against.[9] It seems clear, therefore, that plaintiff's allegation that defendant has discriminated against a class of black employees rests primarily on her allegation that Morgan Guaranty has discriminated against her individually, as her counsel frankly acknowledged on oral argument.[10] This is not sufficient.[11] *General Telephone Company v. Falcon,* —— U.S. ——, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Finally, even assuming arguendo that plaintiff has demonstrated the existence of a class in need of protection, her motion would still have to be denied because she would not be an adequate representative of that class. Morgan Guaranty has raised substantial and individual defenses relating to her poor job performance, which defenses will detract from the common questions of law and fact relating to the class, and may well prejudice other members of the class. *See O'Connell v. Teachers College,* 63 F.R.D. 638 (S.D.N.Y.1974). Moreover, defendant has challenged plaintiff's credibility and has raised serious and substantial conflict of interest questions arising out of plaintiff's attempt to represent both black males and white females, as well as managers who process promotions and employees who apply for them.

For all the foregoing reasons, plaintiff's motion for class certification is denied.

SO ORDERED.

---

7. Plaintiff also has offered a newspaper article discussing a demonstration conducted by the Women's Office Workers at defendant's office.

8. See n.6, *supra.*

9. The one black employee that plaintiff did identify is not properly a class member since he already has settled his claim with the defendant. Affidavit of Sonia V. Grant at 3.

10. Transcript of Oral Argument on Plaintiff's Motion for Class Certification at 29–33.

11. Although plaintiff belatedly claims that she had no discovery to develop facts in support of her class action claim, no such discovery was ever requested prior to oral argument and the Court found that it had been waived. Transcript of Oral Argument on Plaintiff's Motion for Class Certification at 18 and 33.