Anthony **GRONOWICZ**, Plaintiff,

v.

The **COLLEGE OF STATEN ISLAND**; The **City University of New York** and The **State of New York**, Defendants,

No. 99–CV–01556.

United States District Court, N.D. New York.

March 9, 2005.

should be able to avail themselves of both a deposition and an interview.

Anthony Gronowicz, New York City, Plaintiff Pro Se.

Eliot Spitzer, General of the State of New York (Deborah A. Ferro, Assistant Attorney General, of Counsel), Albany, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

## BACKGROUND

This case has a twisted procedural history. On March 19, 1998, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant College of Staten Island ("the College"), had denied him a position because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). An EEOC investigation of the plaintiff's discrimination charge was unable to conclude that the information obtained established a violation of the ADEA. The EEOC issued a Right to Sue notice on April 25, 1999, which included a notice that plaintiff had 90 days from receipt of the letter in which to file a lawsuit on his age discrimination claim.

Within the 90 day filing period, plaintiff's then attorney, Agostinno Dias Reis, Esq., instituted a lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. The complaint alleged that the Defendants had engaged and continue to engage in certain unlawful practices with the purpose, intent and effect of denying Plaintiff and others an equal opportunity to employment and other constitutionally protected rights.

While the complaint did state in paragraph 3 that a charge of employment discrimination had been filed with the EEOC,

a Right to Sue notice had been received, and the complaint timely filed, no mention was made that the charge was filed under the ADEA. Nor was a copy of the EEOC charge attached to the complaint. Consequently, when defendants brought their motion to dismiss the Plaintiff's original complaint, the court was unable to determine whether the claims set forth in the case were the same as those included in Plaintiff's EEOC charge, thereby providing the court with jurisdiction over Plaintiff's Title VII claim.

Nevertheless, the Hon. Frederick J. Scullin, Jr. granted Plaintiff leave to amend his complaint but limited the relief to Plaintiff's Title VII claims against his employer the College of Staten Island, the City University of New York and the State of New York, in their capacity as his employer. In addition, Plaintiff was to attach a copy of his EEOC charge and his Right to Sue letter to his complaint. Plaintiff's other claims were denied, and the complaint was dismissed as against all the defendants except for the three to be named in the amended complaint.

Plaintiff had to prepare the amended complaint *pro se* because his attorney had vanished and could not be located. The amended complaint had a copy of Plaintiff's EEOC charge and Right to Sue letter attached, and it was duly served on the respective Defendants.

Currently before the court is Defendants' motion seeking dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has entered opposition to this motion.

## DISCUSSION

*The Title VII Claim:*

 Charges of discrimination must be filed with the EEOC before a Title VII claim can be made in court because the initial charges " 'trigger the investigatory and conciliatory procedures of the EEOC,' [that] underlie the requirement that plaintiffs exhaust their EEOC remedies before pursuing a judicial remedy for a Title VII ... claim." *Sank v. City University,* 1995 WL 314696, at *4 (S.D.N.Y. May 24, 1995). As a result, "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of New York Department of Housing,* 990 F.2d 1397, 1401 (2d Cir. 1993); *Sank,* 1995 WL 314696, at *3 (S.D.N.Y. May 24, 1995); *Ferguson v. Mobil Oil Corp.,* 443 F.Supp. 1334, 1338 (S.D.N.Y.1978), aff'd mem., 607 F.2d 995 (2d Cir.1979). Courts have no jurisdiction over claims outside "the scope of the EEOC investigation which reasonably could be expected to grow out of the administrative charge." *Williams v. Casey,* 657 F.Supp. 921, 925 (S.D.N.Y.1987) (quoting *Grant v. Morgan Guaranty Trust Company,* 548 F.Supp. 1189, 1191 (S.D.N.Y.1982)); *Gilliard v. New York Public Library System,* 597 F.Supp. 1069, 1079 (S.D.N.Y.1984) (same).

The exhaustion requirement is essential to the Title VII scheme, for it gives notice to employers and encourages settlement; "if a complainant could litigate a claim not previously presented to and investigated by the EEOC" the purpose of the exhaustion provision would be thwarted. *Id.*

Upon examining the EEOC charge affixed to Plaintiff's amended complaint, it is immediately apparent that the charge was not based on employer national origin discrimination under Title VII, but on age discrimination in employment under the ADEA. In the box on page 1 of the EEOC charge sheet where the complainant is to indicate on what the cause of discrimina-

tion is based, the only discrimination checked was age, national origin was not checked. Plaintiff states on page 2 of his EEOC charge sheet that "I believe that Respondent discriminated against me because of my age (52) in violation of the Age Discrimination in Employment Act 1967 as amended."

 Even if the parties remain silent, this does not act to confer federal jurisdiction because it is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the want of its own jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). A challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the court. *Alliance of American Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir.1988); Fed.R.Civ.P. 12(h); see also, *United States v. Griffin*, 303 U.S. 226, 229, 58 S.Ct. 601, 602–03, 82 L.Ed. 764 (1938); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). When subject matter jurisdiction is lacking, dismissal is mandatory. *Griffin*, 303 U.S. at 229, 58 S.Ct. at 602–03; *United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) (a "district court only has jurisdiction to hear Title VII claims that are either included in an EEOC charge or based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge").

 In whether the court has jurisdiction in this matter, all of the allegations of the complaint will be accepted as true and construe the allegations and draw all inferences favorable to plaintiff. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir.1995). Since plaintiff here is proceeding pro se, the court is required to construe his allegations liberally, applying less stringent standards than I would if he was represented by counsel. *Branham v. Meachum*, 77 F.3d 626, 628–629 (2d Cir. 1996).

It is clearly established that a district court only has jurisdiction over Title VII claims that are either included in an EEOC charge or are "reasonably related" to the discrimination alleged in the EEOC charge. *Butts v. City of New York Department of Housing Preservation and Development*, 990 F.2d 1397, 1401 (2d Cir. 1993). The exhaustion requirement applies with equal force to claims brought against private employers under the Americans with Disabilities Act. 42 U.S.C. S 12117(a) (subjecting claims to standards set forth in 42 U.S.C. S 2000e–5, including exhaustion requirement); see also *Rodriguez v. Gary Plastic Packaging Corp.*, 1997 WL 16665 (S.D.N.Y. Jan. 16, 1997).

The effect of this rule, which is "an essential element of Title VII's statutory scheme," *Id.*, is to establish an exhaustion requirement for employment discrimination claims: before bringing a suit in federal court alleging employment discrimination, a plaintiff must first seek administrative remedies provided for by the EEOC. The exhaustion requirement puts a defendant on notice of the alleged discrimination. The purpose of the rule is in part to "encourage settlement of discrimination disputes through conciliation and voluntary compliance." *Id.* An investigating agency such as the SDHR and the EEOC cannot serve its function of encouraging settlement unless the plaintiff's charge provides the agency with adequate information to assess all aspects of a plaintiff's complaint. For this reason, the exhaustion requirement is strictly applied.

The Second Circuit has, however, carved out an exception to the exhaustion requirement for claims which are "reasonably re-

lated" to the claims made in the EEOC charge. *Id.* at 1402. "Recognizing that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering, we have allowed claims not raised in the charge ... where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " *Id.* (quoting *Smith v. American President Lines, Ltd.,* 571 F.2d 102 n. 1 (2d Cir. 1978)). Two other types of claims can be "reasonably related" for purposes of escaping the exhaustion requirement: claims based on retaliatory conduct, and "incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge" but not included, for example, because they occurred after the charge was filed. *Butts,* at 1402–03. Neither of these exceptions to the exhaustion requirement is relevant here.

Courts in the Second Circuit have generally held that claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filings are not reasonably related. *Murray v. Brooklyn Public Library,* 1997 WL 1048899, at *3 (E.D.N.Y. June 13, 1997) (dismissing a gender discrimination charge where administrative complaint had only alleged discrimination on the basis of race and age); *Mitchell v. Fab Industries, Inc.,* 1996 WL 417522, at *3 (S.D.N.Y. July 25, 1996) ("claims of discrimination based upon race and national origin are not reasonably related to the original claims of religious and sexual discrimination under the loose pleading allowance described in *Butts.*").

■ Similarly, plaintiff's administrative complaint alleging discrimination based on age could not reasonably be expected to have triggered an investigation into the allegations of national origin discrimination under Title VII. As set forth above, plaintiff's charging instrument filed with the EEOC specifically alleges discrimination only on the basis of age under the ADEA. Accordingly, the Title VII claims defendants challenge can survive the exhaustion requirement only if they fit into the exception carved out by *Butts,* i.e., only if they are "reasonably related" to the discrimination described in the EEOC charge.

The national origin claim charged in the amended complaint is completely absent from his EEOC complaint. He alleges no facts in the charge which could possibly suggest national origin discrimination. Therefore, the court finds that the Title VII national origin claim is not reasonably related to the EEOC charge and must be dismissed.

*The ADEA Claim:*

A. The Timeliness of the Title VII and ADEA Claims

■ In order to be timely, a claim under the Title VII and ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1); *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149–50, 104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984) (*per curiam* ); *Cornwell v. Robinson,* 23 F.3d 694, 706 (2d Cir.1994).

In the instant case, Plaintiff's right-to-sue letter was based on a denial of his age discrimination complaint under the AEDA, but his lawsuit was based on Title VII national origin discrimination, which was not mentioned in his EEOC complaint. Consequently, by not instituting a lawsuit based upon his ADEA EEOC claim within the 90 day limitation period, Plaintiff's right to sue on this charge was lost unless he can show that equitable tolling will permit him to extend the limitation period.

"Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir.1996). Equitable tolling applies only in rare and exceptional circumstances "as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." *Id.*

In the amended complaint, Plaintiff alleges that his former counsel failed to address some of the issues of law raised in his submissions to the EEOC when he filed his EEOC age discrimination charge.

While it may be inequitable to allow an employer to benefit from its own wrong, it would be at least equally unfair to then hold that the employer is estopped from raising the 90–day bar when the injured employee consulted an attorney who either slept on his client's rights or did not believe he had any under the statute. *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200 (5th Cir. 1975). In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court affirmed the dismissal of an employment discrimination suit on the grounds that the complaint was not filed within the specified time period. In rejecting the plaintiff's plea for equitable tolling to apply, the Court concluded: Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id.* at 92, 111 S.Ct. 453. The Court further stated: "[A]n examination of the cases in which we have applied the equitable tolling doctrine as between private litigants affords petitioner little help. Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situa-

tions where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

The failure of Plaintiff's former attorney to file suit in a timely manner after he was advised of the EEOC's denial of his client's ADEA claim is not a situation for equitable tolling to apply. The Supreme Court also held in *Irwin*, that: "[u]nder our system of representative litigation, each party is bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Id. at 92, 111 S.Ct. 453.

Whatever sympathy Plaintiff's circumstances in this case are meant to engender, the court instead must heed the Supreme Court's counsel that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.... In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984).

The ADEA requires a claimant to file a lawsuit within the 90–day limitation period after receipt of the EEOC's right-to-sue letter. The claimant has the burden of establishing compliance with this condition precedent to filing a lawsuit. The penalty for non-compliance is dismissal of the lawsuit. Plaintiff here sought to dodge this drastic result by arguing lawyer neglect or

inaction, but that is not an equitable consideration warranting an extension of the limitation period. *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 (2nd Cir.1994). Unfortunately for plaintiff, this court upon all of the facts presented is simply unpersuaded by this defense.

Because Plaintiff did not file an administrative claim which the EEOC denied prior to instituting his Title VII lawsuit, nor timely bring a lawsuit after the EEOC's denial of his ADEA claim, he is not eligible for relief under either statute and the court has no jurisdiction over this case and it must be dismissed.

Accordingly, this case is **DISMISSED** *sua sponte* for want of jurisdiction, and Defendants' motion to dismiss the complaint is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**